SUMMARY ORDER

Petitioner Soudi Gahutu, a native and citizen of Burundi, seeks review of an April 4, 2008 order of the BIA affirming the October 16, 2006 decision of Immigration Judge (“IJ”) Paul A. DeFonzo pretermitting his application 'for asylum and denying his application for withholding of removal. In re Soudi Gahutu, No. A098-364-803 (B.I.A. Apr. 4, 2008), aff'g No. A098-364803 (Immig. Ct. N.Y. City Oct. 16, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
I. Asylum
Under 8 U.S.C. § 1158(a)(3), no court shall have jurisdiction to review the agency’s finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or that neither changed nor extraordinary circumstances excused the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Although this Court retains jurisdiction to review constitutional claims and “questions of law,” 8 U.S.C. § 1252(a)(2)(D), a question of law is not implicated “when the petition for review essentially disputes the correctness of the IJ’s fact-finding or the wisdom of his exercise of discretion.” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329 (2d Cir.2006). Gahutu argues that his testimony established that he arrived in the United States in January 2004 and filed his application in May 2004. The IJ rejected this testimony because he found Gahutu not credible and because Gahutu did not submit any documentation indicating when he arrived in the United States. Because Gahutu’s argument challenges only purely factual determinations and the agency’s exercise of discretion, we lack jurisdiction to review the denial of his asylum application and dismiss the petition for review to that extent. 8 U.S.C. § 1158(a)(3); Xiao Ji Chen, 471 F.3d at 328-29.
II. Withholding of Removal
When the BIA does not expressly “adopt” the IJ’s decision, but its opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions. Jigme Wangchuck v. Dep’t of Homeland Sec., 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination. See Shu Wen Sun, 510 F.3d at 379. In finding Gahutu not credible, the IJ found that: (1) his testimony that his only beating occurred at home when he was arrested contradicted his asylum application, which indicated that he was taken to a separate *573 prison cell and beaten every day during his one-week detention; (2) he testified inconsistently regarding how long he had been in possession of his identity documents; (3) he was not familiar with the identity documents he, himself, submitted; and (4) his testimony regarding his ability to conceal his identity documents during his imprisonment was implausible.
In his brief, Gahutu argues that the inconsistencies the IJ relied upon are minor and do not go to the heart of his claim. However, regardless of whether the inconsistencies were minor or central to his claim, the IJ was entitled to rely on their cumulative effect. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (“[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder.” (internal citations and quotation marks omitted)); see also Liang Chen v. U.S. Attorney Gen., 454 F.3d 103, 106-07 (2d Cir.2006) (“[A]n IJ need not consider the centrality vel non of each individual discrepancy or omission” and can instead “rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.” (internal citations and quotation marks omitted)).
Moreover, contrary to Gahutu’s argument, the inconsistencies went to the heart of his claim because they were related to his alleged persecution by Tutsi soldiers and because they placed his identity in question. See Dhoumo v. BIA, 416 F.3d 172,174 (2d Cir.2005) (per curiam). “[Petitioner’s nationality, or lack of nationality, is a threshold question in determining his eligibility for asylum”.
Having called Gahutu’s credibility into question, the IJ also properly found that he failed to rehabilitate his testimony with corroborating evidence. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir.2007).
The discrepancies the IJ identified provide substantial evidence for his adverse credibility determination. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). Therefore, the IJ properly denied Gahutu’s application for withholding of removal, because the only evidence of a threat that Gahutu would be persecuted depended on his credibility.[2] See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005). Because the adverse credibility finding is supported by the record, we need not reach the agency’s alternate burden of proof findings.
For the foregoing reasons, the petition for review is DISMISSED in part, and DENIED in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Although Gahutu argues in his brief that he was eligible for CAT relief, he does not appear to have sought that relief before the IJ, and the IJ never adjudicated such a claim. Even if he had, the adverse credibility determination would be fatal to that claim as well. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).